UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLATUNJI RAHEEM,<br><br>   Plaintiff,<br><br> v.<br><br>CONTRA COSTA COUNTY DOMESTIC RELATIONS,<br><br>   Defendant. | Case No. 18-cv-06375-JSC<br><br>**SECTION 1915 SCREENING OF INITIAL COMPLAINT**<br><br>Re: Dkt. No. 1 |

Mr. Olatunji Raheem sues Contra Costa County Domestic Relations[1] for alleged violations of his civil rights under 42 U.S.C. § 1983. (Dkt. No. 1.) Having granted Mr. Raheem's application to proceed in forma pauperis, (Dkt. No. 7), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that Mr. Raheem's complaint is deficient for the reasons set forth below.

**COMPLAINT ALLEGATIONS**

The complaint does not contain a plain statement of facts and allegations. Mr. Raheem's "Statement of Claim," states, in its entirety:

> My 4th, 5th, 13th, and 14th Amendments were violated. The judge ruling this case is out of his jurisdiction. There are fake contracts and wage garnishments not signed by a real judge, court order or by the clerk of the court.

---

[1] The Court takes judicial notice of the fact that there is no Contra Costa County municipal entity under the name "Contra Costa County Domestic Relations." *See* Fed. R. Evid. 201(b)(2) (providing that a court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Contra Costa County does, however, have a department called "Contra Costa County Child Support Services" listed at the address noted in Mr. Raheem's complaint, (*see* Dkt. No. 1-1), and provided on the Contra Costa County government's website, *see* http://www.co.contra-costa.ca.us/Facilities/Facility/Details/Contra-Costa-County-Child-Support-Servic-39.

(Dkt. No. 1 at 5.) Mr. Raheem's complaint also includes screenshots of: (1) the United States Constitution; (2) an apparent YouTube video regarding fraudulent child support claims; (3) the text of 42 U.S.C. § 1983; (4) excerpts of a United States Supreme Court case discussing Section 1983; (5) an excerpt of a publication on "Establishing Paternity"; (6) federal requirements regarding "voluntary paternity acknowledgment"; (7) a footnote of an unidentified publication regarding the "Title IV-D program"; (8) a publication discussing the "Child Support Enforcement Program"; (9) federal requirements for "expedited process[ing]" of "paternity actions"; (10) definitions regarding contract law; (11) federal requirements regarding the use of Social Security numbers; and (1) an excerpt of 42 U.S.C. 666, Requirement of statutorily prescribed procedures to improve effectiveness of child support enforcement. (Dkt. No. 1 at 7-27.)

Based on Mr. Raheem's statement of the claim, the screenshots included with the complaint, and the defendant, it appears that Mr. Raheem is alleging that his required child support payments are invalid because paternity has not been established.

**LEGAL STANDARD**

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint pro se, the court must "construe the pleadings liberally . . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

**DISCUSSION**

Mr. Raheem brings a Section 1983 claim against an agency of the Contra Costa County government. Municipalities are "persons" under Section 1983 and thus may be liable for causing a constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). However, a municipality may not be sued under Section 1983 solely because an injury was inflicted by its employees or agents. *Id.* at 694. The entity is instead responsible only when execution of a government's policy or custom inflicts the injury. *Id.*

To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

Mr. Raheem's barebones assertions and accompanying screenshots provide no factual content from which the Court can infer a plausible claim for relief. Mr. Raheem alleges constitutional violations in part because "[t]he judge ruling this case is out of his jurisdiction." (Dkt. No. 1 at 5.) However, Mr. Raheem provides no further details regarding the "case." Further, Mr. Raheem alleges that "[t]here are fake contracts and wage garnishments not signed by a real judge, court order or by the clerk of the court," (*see id.*), but he provides no facts regarding the alleged "fake contracts" (i.e., what the "contracts" entail, the parties, when and why they were executed). Simply put, Mr. Raheem has not alleged "enough facts to state a claim to relief that is

plausible on its face." *See Twombly*, 550 U.S. at 570. In the absence of any factual allegations in support of his claims, Mr. Raheem's claims must fail.

**CONCLUSION**

For the reasons set forth above, Mr. Raheem's complaint fails section 1915 review. Mr. Raheem may file an amended complaint within 30 days; his amended complaint must include a plain statement of facts in support of his claims.

The Court encourages Mr. Raheem to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Mr. Raheem can make an appointment in person or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLATUNJI RAHEEM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTRA COSTA COUNTY DOMESTIC RELATIONS,<br><br>　　　　Defendant. | Case No. 18-cv-06375-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Olatunji Raheem
131 Catalina Way #104
San Francisco, CA 94124


Dated: November 20, 2018


　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY

5